IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

DAVID BROWN                                                                          PLAINTIFF

v.                                           Case No. 1:12-cv-24-KGB

PAUL BERHNDT, CROWN POINT TIME SHARING, INC.,
CROWN POINT COUNCIL OF CO-OWNERS, VICKI WHITED,
CROWN POINT CONDOMINIUM OWNER'S ASSOCIATION          DEFENDANTS

## OPINION AND ORDER

Before the Court is a motion to dismiss filed by separate defendants Paul Berhndt, Crown Point Time Sharing, Inc. (hereinafter "Time Sharing"), Crown Point Council of Co-Owners, Inc. (hereinafter "Council"), and Crown Point Condominium Owner's Association (hereinafter "CPCOA") (Dkt. No. 5). Plaintiff David Brown has responded (Dkt. No. 7).

### I.      Relevant Background

Mr. Brown previously filed and nonsuited this lawsuit against Time Sharing, Vicki Whited, and Amy Billingsly. *See* Case No. 1:11-cv-22-JMM. Mr. Brown refiled his lawsuit against Mr. Berhndt, Time Sharing, Council, Ms. Whited, and CPCOA. Mr. Brown brings his claim pursuant to Title III of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.*, and the Fair Housing Act, 42 U.S.C. § 3604. He also asserts claims for negligence and discrimination under the Arkansas Civil Rights Act of 1993, Ark. Code Ann. § 16-123-101 *et seq.*, and the Arkansas Fair Housing Act, Ark. Code Ann. § 16-123-201 *et seq.*

Mr. Brown alleges that he "uses a wheelchair for mobility and is a person with a disability . . ." (Dkt. No. 1, at 2). Mr. Brown claims that his family "booked a reservation to stay at Defendant's place of public accommodation in Horseshoe Bend, Arkansas" (Dkt. No. 1, at 2). When he arrived at the property, Mr. Brown alleges that, despite being assured he would be assigned to an accessible room, he discovered "the path of travel into and out of the resort to the

beach was inaccessible . . ." (Dkt. No. 1, at 2).  Mr. Brown alleges that defendants knew he required an accessible until yet placed him in an inaccessible unit.  Mr. Brown notes that defendants attempted "to make the unit accessible by removing the door" (Dkt. No. 1, at 2).  Mr. Brown also alleges that "[d]efendants failed to warn plaintiff that the bath water was scalding hot" (Dkt. No. 1, at 2).

Mr. Brown asserts that the corporate defendants were engaged in a joint venture with one another to sell timeshares.  He contends that "interlocking management and control was exercised by Paul Berhndt, acting on behalf of the owners in question" (Dkt. No. 1, at 1).  Mr. Brown alleges, as indicia of a joint venture, that the corporate defendant "shared the same telephone numbers, shared expenses, advertised through the same websites, and shared employees in order to operate this resort as a joint enterprise or venture for profit" (Dkt. No. 1, at 1).  Mr. Brown alleges that Mr. Berhndt had a duty to train his employees regarding accessible units and that Mr. Berhndt failed to do so.  Mr. Brown claims that, if Mr. Berhndt would have properly trained his employees, Mr. Brown would not have suffered the harm for which he seeks relief (Dkt. No. 1, at 4).

Council moves to dismiss because it is in Chapter 11 bankruptcy.  The remaining defendants move to dismiss based on Federal Rule of Civil Procedure 12(b)(6).

**II.    Motion to Dismiss Standard**

When analyzing a Rule 12(b)(6) motion, the Court construes the complaint in the light most favorable to the nonmoving party.  *Ritchie v. St. Louis Jewish Light*, 630 F.3d 713, 715-16 (8th Cir. 2011).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Although a complaint should not be dismissed because it "strikes a savvy judge . . . that a recovery is very remote and unlikely," *Twombly*, 550 U.S. at 556, the plaintiff must allege facts that "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.*

### III.    Analysis

As to Council, this proceeding is stayed pursuant to 11 U.S.C § 362 because Council is currently a debtor in a Chapter 11 bankruptcy case. *See* Case No. 1:11-bk-17617-ARE (pending in the United States Bankruptcy Court for the Eastern District of Arkansas). Section 362 of Title 11 of the United States Code "operates as a stay, applicable to all entities, of . . . the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title." It is clear that "[o]nly the bankruptcy court may grant relief from the automatic stay." *Farley v. Henson*, 2 F.3d 273, 275 (8th Cir. 1993). Plaintiff has not demonstrated that he has the bankruptcy court's permission for relief from the stay to bring this action against Council. Therefore, as to Council, this proceeding is stayed.

As to Mr. Berhndt, the motion to dismiss is denied. For dismissal, Mr. Berhndt argues that "[e]xercising management and control on behalf of the owner, even if true, would not be sufficient to expose Paul Berhndt to individual liability" (Dkt. No. 6, at 2). Mr. Berhndt has not presented the Court with any claim-specific or statute-specific arguments regarding why he should or could not be individually liable to Mr. Brown based on the specific claims Mr. Brown

3

alleges.  Instead, the only authority submitted by separate defendant Mr. Berhndt in support of his motion to dismiss relates to pleading standards in federal court.

Mr. Brown alleges, in part, in his complaint:  "Each Corporate Defendant (Defendants) with its principal place of business in Arkansas was engaged in a joint venture with the other Defendants to attract people like the Plaintiff to this property in order to sell timeshares.  As an example, all Crown Pointe entities shared the same telephone numbers, shared expenses, advertised through the same websites, and shared employees in order to operate this resort [as] a joint enterprise or venture for profit.  There was interlocking management and control was exercised by Paul Berhndt, acting on behalf of the owners in question.  Vicki Whited, an employee of both Crown Pointe Timesharing, Inc. and Crown Point Counsel of Co-Owners, is an individual who assigned Plaintiff to an inaccessible unit . . . .  All Defendants acted in concert for profit and are jointly and severally liable, as well as aided and abetted the acts that caused Plaintiff's injuries" (Dkt. No. 1, ¶ 1).  Mr. Brown sets forth in his complaint specific factual allegations regarding the events he contends occurred (Dkt. No. 1, ¶¶ 2-7).  Further, Mr. Brown alleges in Count II:  "As an invitee, Defendant owed Plaintiff a duty of care to ensure that Plaintiff was placed in an accessible unit, as well as to maintain and inspect the units as alleged above.  Further, Defendants undertook to provide Plaintiff with an accessible unit, but failed to do so.  Defendants also had a duty to train its employees.  In particular, this duty was Mr. Behrndt's.  Mr. Berhndt knew or should have known that persons with disabilities would attempt to rent rooms controlled by the Defendants.  Yet, he failed to train his staff in a manner consistent with ordinary care.  Had he trained his staff that persons should not be placed in an inaccessible unit, Plaintiff would not have been burned" (Dkt. No. 1, ¶ 13).

Assuming that Mr. Brown's allegations are true and construing the complaint in the light most favorable to him, the Court cannot conclude that Mr. Brown's claims against Mr. Berhndt should be dismissed at this time based on a failure to meet federal pleading standards.

As to Time Sharing and CPCOA, the motion to dismiss is denied. Time Sharing and CPCOA argue that they are entitled to dismissal because they were not involved in a joint venture with Council. Neither Time Sharing nor CPCOA has offered any arguments or authority relating to the specific statutes under which Mr. Brown brings this lawsuit. Instead, Time Sharing and CPCOA quote extensively from *State ex rel. Attorney Gen. v. Gus Blass Co.*, 193 Ark. 1159, 105 S.W.2d 853 (1937), regarding the requirements of a joint venture.

"A joint venture exists when there is a special combination of two or more persons jointly seeking a profit in some specific venture without actual partnership or corporate designation." *Slaton v. Jones*, 88 Ark. App. 140, 148, 195 S.W.3d 392, 397 (2004). Although "[j]oint ventures and partnerships are governed by the same basic legal principles, . . . there are important differences, including the ad hoc nature of joint ventures, or their concern with a single transaction or isolated enterprise, plus the fact that loss-sharing is not as essential to joint ventures as it may be to partnerships." *Id.* (internal citations omitted). The holding from *Gus Blass* has been clarified by the Arkansas Supreme Court:

> [W]e did not say in the Gus Blass Co. case that a joint venture must contain every element of a partnership, for then there would be no difference between the two. What we said was that a joint adventure is 'in the nature of a partnership of a limited character,' and we then examined the agreement in question to determine whether it was sufficiently similar to a partnership to constitute a joint adventure.

*Johnson v. Lion Oil Co.*, 216 Ark. 736, 739, 227 S.W.2d 162, 164 (1950).

Construing the complaint in the light most favorable to Mr. Brown and accepting his allegations as true, this Court concludes he has alleged enough, at least at this stage, to overcome a motion to dismiss on the issue of whether the corporate defendants were engaged in a joint venture. Dismissal is not proper at this time. The Court must accept as true that the entities Time Sharing, Council, and CPCOA shared telephone numbers, employees, and expenses, as alleged in Mr. Brown's complaint. For these reasons, the motion to dismiss based on the lack of a joint venture is denied as to Time Sharing and CPCOA.

*   *   *

As to Crown Point Council of Co-Owners, this proceeding is stayed. As to Mr. Berhndt, Crown Point Time Sharing, Inc., and Crown Point Condominium Owner's Association, the motion to dismiss is denied (Dkt. No. 5).

SO ORDERED this the ___3___ day of October, 2012.

Kristine G. Baker
United States District Judge