IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**DAVID BROWN**                                                                                        **PLAINTIFF**

v.                            Case No. 1:12-cv-24-KGB

**PAUL BERHNDT, CROWN POINT TIME SHARING, INC.,**
**CROWN POINT COUNCIL OF CO-OWNERS, VICKI WHITED,**
**CROWN POINT CONDOMINIUM OWNER'S ASSOCIATION**               **DEFENDANTS**

## OPINION AND ORDER

Before the Court is separate defendant Crown Point Time Sharing, Inc.'s (hereinafter "Time Sharing") motion for costs (Dkt. No. 3). Plaintiff David Brown has responded (Dkt. No. 9). For the reasons that follow, the motion is denied.

I.    **Relevant Background**

Mr. Brown previously filed and nonsuited this lawsuit against Time Sharing, Vicki Whited, and Amy Billingsly. *See* Case No. 1:11-cv-22-JMM. In the order of dismissal, United States District Judge James M. Moody noted that Mr. Brown's "right to re-file the case against the Defendant is subject to the provisions of Rule 41(d) of the Federal Rules of Civil Procedure. Under Rule 41(d), the Plaintiff *may be* ordered to pay any costs of this action which the Court deems appropriate if Plaintiff re-files the action against the Defendants" (Dkt. No. 34, Case No. 1:11-cv-22-JMM) (emphasis added).

Mr. Brown refiled his lawsuit against Paul Berhndt, Time Sharing, Crown Point Council of Co-Owners (hereinafter "Council"), Ms. Whited, and Crown Point Condominium Owner's Association (hereinafter "CPCOA"). Notably, the complaint in the present case appears to be nearly identical to the proposed amended complaint, which Mr. Brown was denied leave to file, in the previous lawsuit.

## II.  Applicable Law

Rule 41(d) of the Federal Rules of Civil Procedure provides as follows: "If a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court: (1) may order the plaintiff to pay all or part of the costs of that previous action; and (2) may stay the proceedings until the plaintiff has complied." Whether to award costs or stay proceedings under Rule 41(d) is within the sound discretion of the district court. *Simeone v. First Bank Nat. Ass'n*, 125 F.R.D. 150, 156 (D. Minn. 1989). An award of costs under Rule 41(d) is intended to deter forum shopping and vexatious litigation. *Simeone v. First Bank Nat'l Ass'n*, 971 F.2d 103, 108 (8th Cir. 1992). No showing of bad faith is required. *Siepel v. Bank of America, N.A.*, 239 F.R.D. 558, 563 (E.D. Mo. 2006). "Rather, the moving party need only establish that: (1) a plaintiff's previous action was dismissed; (2) a second action was commenced that is based upon or includes the same claim against the same defendant; and (3) there are costs and attorneys' fees incurred by the defendant in the prior action that will not be useful in the newly-filed litigation." *Id.*

In *Copeland v. Hussmann Corp.*, 462 F. Supp. 2d 1012, 1024 (E.D. Mo. 2006), the court held that "costs should only be awarded for the work done by Defendants in the previous case that is now useless in this case." The court went on to state that "Rule 41(d) is not aimed at making the Plaintiff pay for the Defendants' defense; rather it is aimed at repaying frivolous work done by the Defendants. If the Defendants can reuse it, it is obviously not frivolous." *Copeland*, 462 F. Supp. 2d at 1024.

Here, considering the requirements to invoke Rule 41(d) set out in *Siepel*, the Court declines to exercise its discretion to award costs under Rule 41(d). First, it is undisputed that Mr. Brown's previous action, including his claim against Time Sharing, was voluntarily

dismissed nearly four months prior to trial.  Second, after reviewing the complaints in both cases, it is clear, at least as to the movant Time Sharing, that the second complaint "is based upon or includes the same claim against the same defendant."  *See Siepel*, 239 F.R.D. at 563.  The third requirement, however, strongly weighs against an award of fees.  Counsel for Time Sharing has submitted an affidavit that states "Upon review of the billing records of Munson, Rowlett, Moore & Boone, P.A., the costs and fees incurred since August 15, 2011 in this matter total $19,888.27" (Dkt. No. 3, at 7).  The Court is not convinced that the costs or fees accrued by Time Sharing were the result of frivolous work.  In other words, the Court is not persuaded that the costs or fees accrued did not lead to work that can be recycled in the current litigation.  In fact, Time Sharing has not argued that its previously accrued fees created work that is useless to the present litigation.  Time Sharing also has not pointed to conduct on Mr. Brown's part that warrants an award of costs under Rule 41(d).

For these reasons, the motion for costs is denied (Dkt. No. 3).

SO ORDERED this the __3__ day of October, 2012.

_____
Kristine G. Baker
United States District Judge