IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

DAVID BROWN                                                                                          PLAINTIFF

v.                              Case No. 1:12-cv-00024-KGB

PAUL BERHNDT, CROWN POINT TIME SHARING, INC.,
CROWN POINT COUNCIL OF CO-OWNERS, VICKI WHITED,
CROWN POINT CONDOMINIUM OWNER'S ASSOCIATION                    DEFENDANTS

## OPINION AND ORDER

Plaintiff David Brown brings this action against defendants Paul Berhndt, Crown Point Time Sharing, Inc. ("Time Sharing"), the Crown Point Council of Co-Owners ("the Council"), Vicki Whited, and Crown Point Condominium Owner's Association ("CPCOA"). He alleges causes of action under Title III of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101, *et seq.*; the Fair Housing Act ("FHA"), 42 U.S.C. § 3604; the Arkansas Fair Housing Act ("AFHA"), Ark. Code Ann. § 16-123-201, *et seq.*; and the Arkansas Civil Rights Act of 1993 ("ACRA"), Ark. Code Ann. § 16-123-101, *et seq.*; and also alleges state-law negligence claims.

This case is currently before the Court on the parties' supplemental briefing on several issues raised by defendants' motion for summary judgment (Dkt. No. 30). The Court previously entered its Substituted Opinion and Order granting summary judgment as to separate defendants Bernhdt, Time Sharing, and CPCOA on Mr. Brown's claims under the ADA and the FHA (Dkt. No. 53). The Court did not rule on defendants' motion as to the Council because of the automatic stay imposed by the Council's bankruptcy. The Court did not rule on Mr. Brown's state-law claims for jurisdictional reasons. The Court directed the parties to submit supplemental briefing on those issues. The parties filed initial briefs on May 3, 2013 (Dkt. Nos. 54, 55) and

responsive briefs on May 17, 2013 (Dkt. Nos. 56, 57). Defendants filed a third brief on May 24, 2013 (Dkt. No. 58).

For the following reasons, defendants' motion for summary judgment as to Mr. Brown's claims against the Council under the ADA and the FHA is granted (Dkt. No. 30). Mr. Brown's state-law claims are dismissed without prejudice.

I.     Background[1]

Mr. Brown was on a family vacation at the Crown Point Condominiums, a private resort in Horseshoe Bend, Arkansas, when his feet were allegedly burned by hot bath water on March 17, 2009. Mr. Brown has a form of spina bifida. As a result, he cannot use his legs and cannot feel his legs below the mid-thigh. He relies on a wheelchair. Mr. Brown claims that defendants violated Title III of the ADA, the ACRA, the FHA, and the AFHA by failing to provide a wheelchair-accessible unit and by discriminating against him because of his disability. He also asserts that defendants were negligent in failing to perform proper maintenance of the units at the Crown Point Condominiums and failing to train properly their employees. He claims that, as a result of the alleged statutory violations and common-law negligence, his legs were burned by bath water, he now has MRSA, and he has incurred past and future medical expenses. He also claims he has suffered mental and emotional distress.

Mr. Brown previously filed and nonsuited this lawsuit against Time Sharing, Vicki Whited, and Amy Billingsly. *See* Case No. 1:11-cv-00022-JMM ("*Brown I*"). The complaint in *Brown I* was filed on March 14, 2011 (*Brown I*, Dkt. No. 1). In *Brown I*, Mr. Brown asserted causes of action under Title III of the ADA, the ACRA, and state-law negligence. On December 8, 2011, Mr. Brown moved to amend his complaint to add claims under the FHA and the AFHA

---

[1] The factual background and procedural history are set forth in more detail in the Court's Substituted Opinion and Order (Dkt. No. 53).

and to add as parties Mr. Berhndt, the Council, and CPCOA (*Brown I*, Dkt. No. 27). The *Brown I* defendants responded in opposition (*Brown I*, Dkt. No. 28). The Court denied the motion to amend based on Mr. Brown's undue delay and the prejudice to the defendants (*Brown I*, Dkt. No. 30). On December 20, 2011, the same day the Court denied Mr. Brown's motion to amend, Mr. Brown moved to dismiss his case without prejudice under Rule 41 of the Federal Rules of Civil Procedure (*Brown I*, Dkt. No. 31). The Court granted Mr. Brown's motion to dismiss without prejudice on December 28, 2011 (*Brown I*, Dkt. No. 34).

The case at bar ("*Brown II*") began on February 28, 2012, when Mr. Brown refiled his lawsuit against Mr. Berhndt, Time Sharing, the Council, Ms. Whited, and CPCOA (*Brown II*, Dkt. No. 1). For the first time, the *Brown II* complaint alleged against defendants claims under the FHA and the AFHA and added as parties Mr. Berhndt, the Council, and CPCOA. That is, the *Brown II* complaint alleged the additional causes of action and named the additional defendants that Mr. Brown sought unsuccessfully to add in *Brown I*.

By prior Order in the present case, the Court stayed this proceeding as to the Council pursuant to 11 U.S.C § 362 because the Council was a debtor in Chapter 11 bankruptcy at the time. *See* Case No. 1:11-bk-17617-ARE (in the United States Bankruptcy Court for the Eastern District of Arkansas).

In the Court's Substituted Opinion and Order, the Court granted summary judgment to separate defendants Berhndt, Time Sharing, and CPCOA on Mr. Brown's claims under the ADA and FHA (Dkt. No. 53). The Court found that Mr. Brown lacked standing to pursue to his claims under Title III of the ADA because the only available remedy under Title III of the ADA, injunctive relief, is unavailable to Mr. Brown because the Crown Point Condominiums are no longer standing. The Court rejected Mr. Brown's argument that he also sought restitution

because restitution is not a remedy available to Mr. Brown under Title III of the ADA. The Court did not reach defendants' argument that the Crown Point Condominiums did not meet the definition of a public accommodation under 42 U.S.C. § 12182. The Court found that Mr. Brown's claims under the FHA were barred by the FHA's two-year statute of limitations, 42 U.S.C. § 3613(a)(1)(A), because Mr. Brown asserted a cause of action under the FHA for the first time when he filed his complaint in *Brown II* on February 28, 2012, almost three years after the alleged wrongful conduct that occurred in March 2009 (Dkt. No. 53, at 10-11). The Court rejected Mr. Brown's argument that his complaint in *Brown II* related back to the filing of his original lawsuit in *Brown I* because relation back under Rule 15(c) of the Federal Rules of Civil Procedure "cannot apply to a previously dismissed case." *Farr v. Designer Phosphate & Premix Int'l, Inc.*, 804 F. Supp. 1190, 1195 (D. Neb. 1992) (citing *Morgan Distributing Co. v. Unidynamic Corp.*, 868 F.2d 992, 994 (8th Cir. 1989)).

The Court did not apply its rulings on defendants' motion for summary judgment to the Council because Mr. Brown's claims against the Council were stayed, no party requested that the bankruptcy court issue an order modifying the stay to permit this Court to rule, and no party addressed whether this Court had authority to rule on claims against the Council. The Court did not rule on Mr. Brown's state-law AFHA, ACRA, and negligence claims because of issues regarding the Court's jurisdiction over those claims.

The Court directed the parties to brief several issues. The parties have now submitted their briefs. The Court takes judicial notice that, on November 4, 2013, the bankruptcy court entered a final decree closing the bankruptcy case pursuant to Rule 3022 of the Federal Rules of Bankruptcy Procedure (1:11-bk-17617-ARE, Dkt. No. 123).

### II.   Analysis

#### A.   The Council's Bankruptcy

The Court asked the parties to brief how the Court should proceed with regard to the Council, as the Court stayed this proceeding as to the Council pursuant to 11 U.S.C. § 362. The Court noted that neither party had requested relief from the stay pursuant to § 362(d). Defendants in their supplemental briefing argue that the Court may dismiss the federal claims against the Council because a dismissal would not violate the purpose of the automatic stay. Mr. Brown did not address this issue.

The Court need not consider these arguments because, on November 4, 2013, the bankruptcy court entered a final decree closing the bankruptcy case pursuant to Rule 3022 of the Federal Rules of Bankruptcy Procedure (1:11-bk-17617-ARE, Dkt. No. 123). Pursuant to 11 U.S.C. § 362(c)(2), the automatic stay continues until the earliest of the time the case is closed, the time the case is dismissed, or in a Chapter 11 case such as this, the time a discharge is granted or denied. The bankruptcy case was closed pursuant to the bankruptcy court's final decree. Accordingly, the automatic stay is no longer in effect.

The Court's ruling granting defendants summary judgment on Mr. Brown's claims under Title III of the ADA and the FHA are equally applicable to the Council (Dkt. No. 53). Therefore, defendants' motion for summary judgment is granted as to Mr. Brown's claims against the Council under Title III of the ADA and the FHA (Dkt. No. 30). These claims are dismissed with prejudice.

#### B.   28 U.S.C. § 1334

The Court instructed the parties to brief whether 28 U.S.C. § 1334 applies and, if so, whether the Court should exercise permissive abstention. Section 1334(b) provides that "the

districts courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b). However, a district court may abstain from hearing a proceeding falling under this provision. 28 U.S.C. § 1334(c).

Defendants contend that § 1334 does not apply to this case because plaintiff's claims do not have a "close nexus" to the Council's bankruptcy plan required for the "related to" jurisdiction of § 1334(b) (Dkt. No. 54, at 4-5). *See Ad Hoc Comm. of Equity Holders of Tectonic Network, Inc. v. Wolford*, 554 F. Supp. 2d 538, 549 (D. Del. 2008) ("After plan confirmation, a proceeding will be within the 'related to' jurisdiction [of 28 U.S.C. § 1334] if it has a close nexus to the bankruptcy plan.") (internal quotation omitted). Although Mr. Brown's briefing on the bankruptcy issue is unclear, he ultimately states that "the existence of the bankruptcy does not grant this Court jurisdiction either" (Dkt. No. 55, at 4). Accordingly, the parties agree that 28 U.S.C. § 1334 does not confer jurisdiction.

Based on its own examination, the Court determines that 28 U.S.C. § 1334 does not apply on these facts because this is not a case "arising under" or "arising in" title 11 and is not "related to cases under title 11." Therefore, the Court does not reach the issue of abstention.

### C. Diversity Jurisdiction

The Court next asked the parties to brief whether the Court should allow the record to be reopened and supplemented for the sole purpose of establishing this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332. The Court noted among other things the issue of citizenship of the individual members of the CPCOA, which is an unincorporated entity (Dkt. No. 53, at 16). *See GMAC Commercial Credit LLC v. Dillard Dept. Stores, Inc.*, 357 F.3d 827, 828 (8th Cir. 2004) ("Generally, a district court's diversity jurisdiction in a suit by or against [an unincorporated]

entity depends on the citizenship of 'all the members.'") (citing *Carden v. Arkoma Assocs.*, 494 U.S. 185, 187 (1990)).

Defendants argue that the Court should not reopen the record to determine diversity but that, if the Court reopens the record, the evidence will show that many of the defendants reside in Texas, which destroys diversity (Dkt. No. 54, at 5-6).  Defendants state that, according to the Council's Chapter 11 Bankruptcy petition, approximately 21 of the individual members of the CPCOA are residents of Texas (*see* 1:11-bk-17617-ARE, Dkt. No. 1, at 13-29).  Mr. Brown responds that defendants did not raise the issue of diversity jurisdiction until the federal claims were dismissed, but he nonetheless concedes that "it looks like there is no diversity jurisdiction" (Dkt. No. 55, at 1).

The Court finds no need to reopen the record.  Defendants have demonstrated, and Mr. Brown has conceded, that there is not complete diversity in this case.  Therefore, the Court does not have diversity jurisdiction.

### D.     Supplemental Jurisdiction

The Court also directed the parties to brief the issue of whether the Court should decline to exercise supplemental jurisdiction in this instance or whether factors support this Court's retaining supplemental jurisdiction.  Under 28 U.S.C. § 1367(c)(3), a district court "may decline to exercise supplemental jurisdiction" over a related state-law claim if "the district court has dismissed all claims over which it has original jurisdiction."  When determining whether to exercise supplemental jurisdiction, courts must balance the interests of judicial economy, convenience, fairness, and comity.  *See Barstad v. Murray Cnty.*, 420 F.3d 880, 888 (8th Cir. 2005).  "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy,

convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Id.* (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)); *see also Birchem v. Knights of Columbus*, 116 F.3d 310, 314 (8th Cir. 1997) ("In most cases, when federal and state claims are joined and the federal claims are dismissed on a motion for summary judgment, the pendent state claims are dismissed without prejudice to avoid '[n]eedless decisions of state law . . . as a matter of comity and to promote justice between the parties.'").

A district court does not abuse its discretion in taking up and granting summary judgment on issues of state law on which there is little basis for dispute, but the court should relinquish supplemental jurisdiction over pendent claims involving novel issues of state law. *Birchem*, 116 F.3d at 314 (remanding with instructions to dismiss without prejudice claims involving novel issues under the North Dakota Human Rights Act); *see also Gregory v. Dillard's, Inc.*, 565 F.3d 464, 477 (8th Cir. 2009) (holding that claims under the Missouri Human Rights Acts raising novel and complex issues of law should be dismissed without prejudice following dismissal of § 1981 claims); *Fin. Gen. Bankshares, Inc. v. Metzger*, 680 F.2d 768, 776 (D.C. Cir. 1982) (determining that, in exercising its jurisdiction, the district court "should be reluctant to retain pendent jurisdiction over a question for which state jurisprudence gives inadequate guidance.")

Defendants contend that the Court should exercise supplemental jurisdiction over the remaining state-law claims and consider their motion for summary judgment or docket the case for trial. Defendants have moved for full summary judgment and argue that supplemental jurisdiction is proper when "it is clear . . . that Plaintiff's state law claims would fail" (Dkt. No. 54, at 7) (quoting *Sholley v. Town of Holliston*, 49 F. Supp. 2d 14, 22 (D. Mass. 1999) ("In the ordinary run of cases, dismissal of state claims with no independent jurisdictional basis is the

norm. Where it is clear, however, that Plaintiff's state law claim would fail before the [state] courts, judicial economy is well served by disposing of the claim on its merits."). In addition, defendants argue that judicial economy and fairness to the parties favor retaining jurisdiction given the extended life of this case, the Court's familiarity with the record, and the potential delay of sending the matter to state court (Dkt. No. 54, at 7-8).

Mr. Brown contends that concerns for judicial economy are not present because the trial date has passed (Dkt. No. 55, at 1). In addition, he argues that the exercise of supplemental jurisdiction is inappropriate given the "unsettled nature of Arkansas law on disability discrimination in contracting and housing" (*Id.*). In support, he cites Eighth Circuit cases stating that "federal courts should 'exercise judicial restraint and avoid state law issues wherever possible.'" *Thomas v. Dickel*, 213 F.3d 1023, 1026 (8th Cir. 2000) (quoting *Condor Corp. v. City of St. Paul*, 912 F.2d 215, 220 (8th Cir. 1990)).

Defendants counter that Mr. Brown's position is inconsistent with his previous arguments in favor of the Court having federal jurisdiction and argue that Mr. Brown could have filed his claims in state court in either 2011 or 2012 if state court was a preferable forum (Dkt. No. 56, at 1). Mr. Brown in his response brief repeats his arguments for judicial restraint and states that "the case law interpreting the ACRA and AFHA in this context is nonexistent" (Dkt. No. 57). Defendants filed a third brief repeating their previous arguments and citing an Eighth Circuit case upholding the trial court's decision to exercise supplemental jurisdiction after dismissing the claims giving it original jurisdiction (Dkt. No. 58) (citing *Quinn v. Ocwen Fed. Bank FSB*, 470 F.3d 1240, 1248-49 (8th Cir. 2006) (determining that the federal court's retaining jurisdiction was appropriate where plaintiffs' claims "derive[d] from a common nucleus of operative fact, and if considered without regard to their federal or state character, [were] such that they would

ordinarily be expected to be adjudicated in one judicial proceeding" and the state-law claims in the case "concern[ed] well-settled principles of contract, tort, statute and equity.")).

After careful consideration of the parties' supplemental briefing and the factors to be considered in exercising its discretion, the Court declines to exercise supplemental jurisdiction over the state-law claims. The Court is not persuaded that factors of judicial economy, fairness, and comity weigh against the normal practice to relinquish supplemental jurisdiction after dismissing the federal claims.

The Court finds that this case raises novel issues of state law. In particular, the parties' arguments raise a novel issue of state law as to what limitations period to apply to Mr. Brown's claim under the AFHA. The AFHA does not expressly provide a statute-of-limitations for civil actions brought pursuant to the AFHA. *See* Ark. Code Ann. § 16-123-210 (civil actions under the AFHA). Mr. Brown argues that, under Arkansas case law, the Court should apply the three-year "catch-all" limitations period in Ark. Code Ann. § 16-56-105 (Dkt. No. 35, at 1). *See Douglas v. First Student, Inc.*, 2011 Ark. 463, at 5, 385 S.W.3d 225, 228 ("[W]e reaffirm our precedent that where a cause of action is brought pursuant to a statute that does not expressly provide a limitations period, § 16-56-105 is the appropriate limitations provision."). On the other hand, defendants ask the Court to apply the two-year limitations period in Ark. Code Ann. § 16-123-336(a), the section governing civil actions for discriminatory housing practices brought under the law creating the Arkansas Fair Housing Commission, Act 1785 of 2001. Defendants argue that this is the appropriate statute of limitations because it is most analogous to a cause of action under the AFHA (Dkt. No. 38, at 3-4).

The Court is not aware of any cases determining the limitations period for a civil action under the AFHA before or after the enactment of Ark. Code Ann. § 16-123-336(a). Whether to

apply the limitations period in Ark. Code Ann. § 16-123-336(a) to claims under the AFHA is a novel question of state law that should be decided by Arkansas state courts. *Birchem*, 116 F.3d at 314; *Gregory*, 565 F.3d at 477. The Court declines to retain supplemental jurisdiction over Mr. Brown's claim under the AFHA. Mr. Brown's AFHA claim is dismissed without prejudice.

Likewise, the Court finds that there are novel issues of state law as to Mr. Brown's claim under the ACRA. Defendants argue in their summary judgment motion that their timeshares did not meet the definition of a public accommodation under either Title III of the ADA or the ACRA. The Court is not aware of any Arkansas cases on point. To the extent the parties rely on federal law under the ADA, the Court did not reach this issue as to Mr. Brown's ADA claim, which it dismissed for a lack of standing. Accordingly, the Court dismisses Mr. Brown's ACRA claim without prejudice.

In view of the Court's rulings as to Mr. Brown's claims under the AFHA and ACRA, the Court finds it appropriate to dismiss also Mr. Brown's negligence claim. The Court has not reached the merits of any of Mr. Brown's state-law claims and has not decided any substantial factual issues. Therefore, the interests of fairness and judicial economy weigh in favor of relinquishing jurisdiction over all of Mr. Brown's pendent claims, rather than applying a piecemeal approach. Although this case is not in the early stages of litigation, the Court's ruling will not require the parties to begin again. The parties may rely upon in state court the discovery produced and evidence developed in this case.

Balancing the interests of judicial economy, convenience, fairness, and comity, the Court exercises its discretion to relinquish supplemental jurisdiction over the pendent claims in this case. The Court dismisses without prejudice Mr. Brown's AFHA, ACRA, and state-law negligence claims.

* * *

Defendants' motion for summary judgment is granted as to Mr. Brown's claims against the Council under Title III of the ADA and the FHA, and those claims are dismissed with prejudice. The Court declines to exercise supplemental jurisdiction over Mr. Brown's AFHA, ACRA, and state-law negligence claims, and these claims are dismissed without prejudice. The periods of limitations on Mr. Brown's state-law claims are tolled under 28 U.S.C. § 1367(d) for 30 days after entry of judgment in this case, unless Arkansas gives a longer tolling period. Judgment will be entered accordingly.

SO ORDERED this the 14th day of November, 2013.

*[signature: Kristine G. Baker]*

Kristine G. Baker
United States District Judge